UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 20-cv-01167-JLB<br><br>**ORDER GRANTING AMENDED JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF No. 16]** |

Before the Court is an amended joint motion for an order awarding Plaintiff $2,100.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs in the amount of $400.00 under 28 U.S.C. § 1920. (ECF No. 16.)  For the following reasons, the amended joint motion is **GRANTED**.

///

///

///

## I. BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of his application for disability insurance benefits. (ECF No. 1.) After the Commissioner of Social Security filed the administrative record, the Court directed the parties to engage in good faith settlement discussions and file a joint notice of settlement, if appropriate, no later than July 19, 2021. (ECF No. 10.) On July 16, 2021, the parties filed a joint motion for voluntary remand to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment. (ECF No. 11.) That same day, the Court granted the joint motion and remanded the matter to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 12.) The Clerk of Court was directed to enter final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner. (*Id.*) Judgment was entered on July 19, 2021. (ECF No. 13.)

## II. DISCUSSION

A litigant is "entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

Here, Plaintiff is entitled to EAJA fees and costs. First, the Court remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment for Plaintiff. (ECF Nos. 12; 13.) Plaintiff is therefore the prevailing party, for "[a] plaintiff who obtains a sentence four remand," even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)); *see also Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (finding the plaintiff

to be the prevailing party where the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) based on a joint motion for voluntary remand).[1]

Second, the Commissioner makes no argument that her position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings and the instant fee request comes to the Court by way of a joint motion. *See Ulugalu v. Berryhill*, No. 317CV01087GPCJLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018) (finding the Commissioner did not demonstrate substantial justification for her position where she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability).

Finally, Plaintiff's requested fees and costs are reasonable. Plaintiff's counsel declares that he spent 8.5 hours at an hourly rate of $207.70 working on this case and his paralegal spent 2.4 hours at an hourly rate of $143.00 on the case, for a discount total of $2,100.00.[2] (ECF No. 16-2.) The hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *see also Roland S.*, 2021 WL 4081567, at *2 (finding 5.36 hours billed by counsel and 3.4 hours billed by paralegals for a total of 8.76 hours to be reasonable when the parties engaged in court-

---

[1] The Court notes that the parties' original joint motion for fees (ECF No. 14), which the Court denied without prejudice (ECF No. 15), was timely. *See Akopyan*, 296 F.3d at 854 ("A sentence for remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." (citations omitted)); *see also* Fed. R. App. P. 4(a)(1)(B) (providing that the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity); 28 U.S.C. § 2412(d)(1)(B) (providing that the prevailing party is eligible to seek attorney's fees within thirty days of final judgment).

[2] In Plaintiff's itemization of fees, the total fee was calculated to be $2,108.65. (ECF No. 16-2.) However, in the parties' joint motion, the total fee requested was $2,100. (ECF No. 16 at 1.)

ordered settlement discussions and filed a joint motion for voluntary remand). Notably, this case was resolved early in Plaintiff's favor. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases").

The hourly rates are also reasonable. Counsel's hourly rates are in line with the Ninth Circuit's EAJA hourly rate. Plaintiff's counsel billed hours in 2020 and 2021. The Ninth Circuit's EAJA hourly rate was $207.78 for work performed in 2020 and $213.74 for work performed in the first half of 2021. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited September 17, 2021). Accordingly, Plaintiff's counsel's rate is under the Ninth Circuit's EAJA rate for the years at issue. *See Roland S.*, 2021 WL 4081567, at *3 (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable). The paralegal's rate of $143.00 is also consistent with the median hourly rate for paralegals in San Diego.[3] The Court may approve paralegal rates at prevailing market rates. *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009).

In addition, the requested costs are reasonable. A prevailing party may recover the costs necessary for the preparation of the case. 28 U.S.C. § 2412(d). Plaintiff paid the requisite $400 filing fee to commence this action. (ECF No. 1.) Courts have determined that filing fees are recoverable under the EAJA. *See e.g., Truong v. Berryhill*, No.

---

[3] Courts may consider the *United States Consumer Law Attorney Fee Survey Report* (the "*Report*") to determine the appropriate market rate for paralegals in a given area. *See, e.g., Ulugalu*, 2018 WL 2012330, at *4; *Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *5 (S.D. Cal. Nov. 12, 2020) (approving a $130 rate for paralegal fees, but noting that the *Report* for 2017–2018 provides that the median hourly rate for paralegals in San Diego is $147); *Roland S.*, 2021 WL 4081567, at *3 (finding an hourly rate of $143 for work done by a paralegal in 2020 and 2021 in the San Diego area to be reasonable based on the *Report*).

317CV02179BENRNB, 2019 WL 1863655, at *5 (S.D. Cal. Apr. 24, 2019); *Scott B. C. v. Comm'r of Soc. Sec.*, No. 6:18-CV-01738-BR, 2021 WL 2593764, at *6 (D. Or. June 24, 2021) (collecting cases).

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion (ECF No. 16) and awards Plaintiff fees in the amount of $2,100.00, as authorized by 28 U.S.C. § 2412, and costs in the amount of $400.00, as authorized by 28 U.S.C. § 1920, subject to the terms of the Joint Motion.

**IT IS SO ORDERED.**

Dated:  September 23, 2021

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge